UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RENE OSVALDO CRUZ COLON,

          Petitioner,

v.                                                  Case No: 6:16-cv-829-Orl-40TBS

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS
and ATTORNEY GENERAL, STATE OF
FLORIDA,

          Respondents.
_____/

## ORDER

This cause is before the Court on the Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed by Petitioner pursuant to 28 U.S.C. § 2254. Respondents filed a Response to Petition ("Response," Doc. 23) and a Supplemental Response to Petition (Doc. 30). Petitioner filed a Reply (Doc. 28) and a Supplemental Reply (Doc. 32).

### I.    Procedural Background

Petitioner pled guilty to second degree murder, and the trial court sentenced him on January 25, 2013. (Doc. 25-1 at 16-23). Petitioner did not file a direct appeal.

On October 22, 2013, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. (*Id* at 25-70).[1] On January 6, 2014, the trial

---

[1] The motion was not properly dated, and the Court is unable to determine the filing date under the mailbox rule. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).

court dismissed the motion without prejudice with leave to file an amended Rule 3.850 motion. (*Id.* at 77-78). Petitioner filed an amended Rule 3.850 motion, which the trial court denied on June 19, 2014. (*Id.* at 123-33). The Fifth District Court of Appeal ("Fifth DCA") affirmed *per curiam* on April 7, 2015, and the mandate issued on June 4, 2015. (*Id.* at 236, 243).

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 2244,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A)  the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### III. ANALYSIS

In the present case, Petitioner did not file a direct appeal, and the time for seeking such review expired 30 days after the judgment of conviction was entered. *See* Fla. R. App. P. 9.110(b). Because the judgment of conviction was entered on January 25, 2013, the time for seeking a direct appeal expired on February 25, 2013.[2] Petitioner then had until February 25, 2014, absent any tolling, to file a federal habeas petition regarding such conviction.

Pursuant to section 2244(d)(2), the one year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending. When Petitioner filed his first Rule 3.850 motion on October 22, 2013, 239 days of the one-year period had run. Those proceedings concluded on June 4, 2015, when the Fifth DCA issued mandate with regard to the appeal of the denial of his amended Rule 3.850 motion. Thus, the one-year period expired 126 days later on October 8, 2015.

Although the Petition was actually filed with the District Court on March 21, 2016,[3] the signature date on the Petition was September 15, 2015. (Doc. 1 at 21). Because of the long period of time between when the Petition was signed and when the Petition was actually filed with the District Court, the Court entered an Order (Doc. 24) on February 22, 2017, requiring Petitioner to submit evidence as to when the Petition was actually delivered to the prison authorities for mailing.

---

[2] The one-year period actually expired on Sunday, February 24, 2013. The next business day was Monday, February 25, 2013.

[3] The Petition was initially filed in the United States District Court, Northern District of Florida, Tallahassee Division on March 21, 2016, and later transferred to this Court.

Petitioner filed a Reply and asserted that he did not read or write English and that the Petition was prepared by a certified law clerk at the prison where he was incarcerated and that time. (Doc. 28 at 1). Petitioner stated that it was his practice to first send any legal pleadings "to his fiancé who is fluent in English" so that she could mail them to the appropriate court. (*Id*.). As to the Petition, the prison law clerk "took a very long time in forwarding the petition to her." (*Id*. at 2). But he eventually did, and she then mailed the Petition to the United States District Court, Northern District of Florida, Tallahassee Division. (*Id*. at 2).

Petitioner submitted the affidavit of Tamahara Velez, his "girlfriend", who indicated that in September 2015, Petitioner was transferred from Liberty City Correctional Institution ("LCC") to Okeechobee Correctional Institution ("OCU"). (*Id*. at 4). When Petitioner arrived at OCU, he advised her that James Parcher, a prison law clerk at LCC, had been helping him with the Petition and requested that she write Parcher and have him send Petitioner's legal papers to OCU. (*Id*.). About five months later, Parcher sent her the Petition with instructions to send it to the United States District Court, Northern District of Florida, Tallahassee Division. (*Id*.). Velez then mailed the Petition to the United States District Court, Northern District of Florida, Tallahassee Division in March 2016. (*Id*. at 2, 4).

In the present case, the Petition was not sent to the prison authorities for mailing to the District Court in September 2015. Instead, after the Petition was signed by Petitioner, it was sent by Parcher to Velez, who eventually mailed it to the District Court in March 2016. Since the Petition was not mailed to the District Court by Petitioner from his place of incarceration in September 2015, the mailbox rule is not applicable.

4

*Robertson v. Simpson*, No. 5:05CV-239-R, 2011 WL 3880940, at *7 (W.D. Ky. Sept. 2, 2011) (the mailbox rule only applies if the petition is mailed by the prisoner from his place of incarceration). Moreover, the "mailbox rule is inapplicable to the mailing of habeas petitions to third parties, as intermediaries, who then mail them to the court for filing." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).[4]

Because the Petition was not filed by October 8, 2015, it was untimely. The Petition was filed more than one year after Petitioner's conviction became final, and Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition. Further, Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments sufficient to support a claim of actual innocence. Consequently, the Petition is time-barred by the AEDPA's one-year statute of limitations and is dismissed.

Allegations not specifically addressed herein are without merit.

### IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable

---

[4] To the extent Petitioner argues that Parcher was in some manner ineffective, the Court also rejects any argument that misinformation or ineffectiveness from a prison law clerk provides a basis for equitable tolling of the one-year period of limitation. *See Posada v. Schomig,* 64 F. Supp. 2d 790, 796 (C.D. Ill. 1999) (determining that the petitioner's claim that the prison law clerk did not provide adequate assistance did not establish a basis for tolling).

jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

## V. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2. This case is **DISMISSED with prejudice**.

3. Petitioner is **DENIED** a Certificate of Appealability In this case.

4. The Clerk of the Court is directed to enter judgment in favor of Respondents and to close this case.

**DONE** and **ORDERED** in Orlando, Florida on June 20, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-2 6/20